
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEREK JOHNSEN,**

    Plaintiff,

v.                                Case No.  8:14-cv-1598-T-30AEP

**OASIS REFRESHMENT SERVICES, INC.,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Dkt. 5) and Plaintiff's Response in Opposition (Dkt. 8).  The Court, having reviewed the motion, response, amended complaint, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

Plaintiff Derek Johnsen filed the instant action against Defendant Oasis Refreshment Services, Inc., his former employer, in state court, alleging Florida claims of worker's compensation retaliation and unpaid wages (Counts I and II respectively).  Johnsen amended his complaint to include a claim under the Family Medical Leave Act ("FMLA") (Count III).  Oasis then removed the case based on the federal FMLA claim and subsequently filed the instant motion arguing that the FMLA claim does not state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court agrees.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

Oasis argues that Johnsen's FMLA interference claim fails to state a claim upon which relief may be granted. The Court agrees that the allegations are insufficient to state a claim. In an FMLA interference claim, an employee must establish that "his employer denied or otherwise interfered with his substantive rights under the [FMLA]." *Strickland v. Water Works & Sewer Bd. of City of Birmingham,* 239 F.3d 1199, 1206 (11th Cir.2001). Here, Johnsen alleges in a conclusory fashion that: (1) "By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's FMLA rights"; (2) "Defendant's actions constitute violations of the FMLA"; and (3) "As a result of Defendant's

unlawful actions, Plaintiff has suffered and continues to suffer damages." (Dkt. 2 at ¶¶ 38-40). These conclusions are not entitled to the assumption of truth.

Also, the facts alleged in the amended complaint's background section (Dkt. 2 at ¶¶ 1-28) are insufficient to state an FMLA interference claim. The allegations reference Johnsen's back and neck pain, Johnsen taking a few days off from work because of the pain, and Johnsen's supervisor telling Johnsen that he needed to return to work with a doctor's note.[1] There are no allegations related to whether Johnsen was entitled to a substantive right under the FMLA and there are no facts alleging how Oasis was on notice of a potential FMLA claim. There are also no facts describing how Oasis interfered with Johnsen's FMLA rights. Simply put, additional allegations are necessary to state a claim.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Dkt. 5) is granted.

2. Count III is dismissed without prejudice to Plaintiff to amend this claim within fourteen (14) days of this Order. If Plaintiff does not amend this claim during that time, this action will be remanded for lack of jurisdiction.[2]

---

[1] Johnsen was subsequently terminated.

[2] As stated above, Counts I and II are Florida claims. Also, removal of a Florida worker's compensation claim is inappropriate under 28 U.S.C. § 1445(c). *See Castillo v. Sch. Bd. of Hillsborough Cnty., Fla.*, 2014 WL 1117059, at *1 (M.D. Fla. Mar. 20, 2014) (Moody, J.) (discussing same).

**DONE** and **ORDERED** in Tampa, Florida on July 28, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1598.mtdismiss-grant.wpd