**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DEREK JOHNSEN,

    Plaintiff,

v.                                                        Case No: 8:14-cv-1598-T-30AEP

OASIS REFRESHMENT SERVICES,
INC.,

    Defendant.
_____

## **ORDER**

    THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Second Amended Complaint (Dkt. #15) and Plaintiff's Response in Opposition to the Motion (Dkt. #18). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

    Defendant Oasis Refreshment Services, Inc. moves to dismiss Count III of Plaintiff Derek Johnsen's Second Amended Complaint on the basis that it fails to allege a claim for interference under the Family and Medical Leave Act (the "FMLA").

    This Court previously entered an Order dismissing Count III for failure to allege sufficient facts to support the interference claim since the Amended Complaint did not allege that Johnsen qualified for leave under the FMLA and otherwise relied solely on conclusory statements. *See* Dkt. #10. The Second Amended Complaint addresses these

failures by alleging the following: Johnsen sustained an injury, reported it to his employer, and was placed on light duty restrictions, ¶¶ 14, 15, 17, 23; Johnsen was eligible for FMLA benefits, ¶27; after being put on notice of a potentially qualifying serious medical condition for a qualified employee, Oasis did not notify Johnsen of his rights under the FMLA, ¶28; and Oasis terminated Johnsen and interfered with his ability to use the protected leave, ¶¶ 31, 33. Count III realleges and incorporates paragraphs 1-33.

When an employer acquires knowledge that an employee's leave may be for an FMLA qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days. 29 CFR § 825.300(b)(1). Additionally, an employer must provide separate notice, in writing, detailing the specific expectations and obligations of the employee regarding FMLA leave and explaining any consequences of a failure to meet these obligations. *Id*. at § 825.300(c)(1). The employer's failure to follow the notice requirements may constitute interference with the exercise of an employee's FMLA rights. *Id*. at § 825.300(e).

The allegations taken together sufficiently state a cause of action for FMLA interference and meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Second Amended Complaint (Dkt. #15) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1598 mtd 15.docx